Phil A. Nelson, OSB No. 013650
**phil@slindenelson.com**
SLINDE NELSON STANFORD
111 SW Fifth Avenue, Suite 1740
Portland, OR 97204
Tel:   503-417-7777
Fax:   503-417-4250
  *Of Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UPSOURCE, LLC, an Oregon limited liability company,** | Case No.: |
| Plaintiff, | **COMPLAINT** |
| | **(Declaratory Judgment-Trademark Issues)** |
| v. | **JURY TRIAL DEMANDED** |
| **UPSOURCE, INC., a Massachusetts corporation.** | |
| Defendant. | |

Plaintiff alleges the following:

1.

This case involves an actual controversy between an Oregon-based internet marketing company and a Massachusetts-based call center and customer service outsourcing company over the use rights to the mark Upsource and domain name upsource.com. The Oregon entity, Upsource, LLC, seeks a declaration, pursuant to 28 U.S.C. 2201, that its use of the Upsource mark and upsource.com domain name is not violative of the rights of Upsource the call center.

**Page 1 - COMPLAINT**

## PARTIES

2.

Plaintiff Upsource, LLC is an Oregon limited liability company.

3.

Defendant UpSource, Inc. is, on information and belief, a Massachusetts corporation.

## JURISDICTION AND VENUE

4.

Subject matter jurisdiction is proper based on the federal questions presented by Plaintiff's claims under Section 39 of the Lanham Act, 15 U.S.C.1121, 28 U.S.C. 1331, 1338 and 1367.

5.

This Court has personal jurisdiction over defendant, on information and belief, conducts business in Oregon, offers to conduct business in Oregon or has otherwise established sufficient contacts with the state to support jurisdiction.

6.

Venue is proper in Oregon because a substantial part of the events giving rise to this lawsuit occurred here.

## FACTS

7.

Plaintiff Upsource, LLC is an internet marketing company based in Portland, Oregon. As a marketing firm, Plaintiff's focus is creating customers for its small business professional services clients. Plaintiff uses the domain name upsource.com.

8.

Plaintiff assists its customers with webpage design, search engine optimization, content writing, and social media campaigns. Plaintiff was formed in 2011 and began marketing its services in interstate commerce under the name Upsource, LLC at that time.

/ / / / / /

Page 2 - COMPLAINT

9.

Defendant Upsource, Inc. is a Massachusetts company, on information and belief, in the business of providing call center customer service and operational support to large companies. On information and belief, Defendant does not attempt to assist its clients in generating customers but rather Defendant services the existing customers of its business clients.  Defendant's website holds the company out as "offer[ing] a complete range of outsource customer care services" through its call center services.

10.

Defendant claims to have commenced using its mark in 2004 and it alleges ownership rights in federal trademark registration number 2848441 covering the following services:

> Operation of customer service operations for others, namely, the sorting, handling and receiving of customer communications on telephone and on-line; business consultations in the field of customer service operations.

11.

On September 24, 2013, legal counsel for Defendant sent Plaintiff a letter threatening legal action.  In the letter, Defendant asserted that Plaintiff's use of its mark and domain name violated Defendant's rights and constituted "unfair competition, intentional trademark infringement, trademark dilution, false designation or origin and cybersquatting."

12.

The September 24, 2013 letter stated that plaintiff "may avoid legal action by (i) immediately ceasing and desisting from using the Domain Name and the Logo; and (2) transferring any and all rights of UpSource LLC in the Domain Name and the Logo."  The letter explicitly threatened a lawsuit if Plaintiff did not comply with Defendant's demands.  Based on the litigation threats in the September 24, 2013 letter, an actual controversy exists between Plaintiff and Defendant.

/ / / / /

/ / / / /

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

13.

Plaintiff realleges the above paragraphs.

14.

On information and belief, Plaintiff's and Defendant's respective goods and services, customers, marketing channels, trade channels, advertising channels, and other related marketplace factors are not similar.

15.

On information and belief, Plaintiff's and Defendant's respective customers and prospective customers are sophisticated and, for various reasons, exercise a high degree of care when purchasing the types of goods and services offered by the parties.

16.

On information and belief, there has been no actual confusion among relevant consumers between the respective marks of plaintiff and defendant.

17.

On information and belief, as of the date of this filing, the USPTO has issued at least seven (7) currently active Certificates of Registration for marks incorporating the formative term "Upsource."

18.

Defendant does not have rights, much less exclusive trademark rights, in and to the terms "upsource.com."

19.

Plaintiff's use of its mark and domain do not violate Section 32 of the Lanham Act, 15 U.S.C. § 1114.

/ / / / /

Page 4 - COMPLAINT

20.

Plaintiff does not and will not use its mark and domain name in a manner that constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact. Moreover, Plaintiff's use of its mark and domain is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendant, or as to the origin, sponsorship, or approval of Plaintiff goods or services by Defendant.

21.

Plaintiff's use of its mark and domain name does not violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

22.

Plaintiff's use of its mark and domain name is not likely to cause dilution of the purported distinctive quality of Defendant's trademarks or trade names.

23.

Plaintiff's use of its mark and domain name does not violate Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

24.

Plaintiff's use of its mark and domain name does not constitute trademark infringement under the laws of this state, any state or the common law.

25.

Plaintiff's use of its mark and domain name does not constitute unfair competition or deceptive practices under the laws of this state, any state or the common law.

26.

Plaintiff's use of its mark and domain name does not constitute dilution under the laws of this state, any state or the common law.

27.

Plaintiff did not register the domain name upsource.com with any bad faith intent to profit therefrom. In fact, it registered the domain name in good faith with the intent to make bona fide use of it in connection with its services, and Plaintiff has made such use of its domain name.

28.

Plaintiff's use of its mark and domain does not violate Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

29.

Plaintiff's use of its mark and domain does not violate the laws of any state, territory, or district of the United States.

WHEREFORE, plaintiff prays for:

1.	An order declaring that Defendant is without right or authority to maintain suit against Plaintiff for alleged infringement, dilution, unfair competition, deceptive practices, or cybersquatting under federal or state law based on Plaintiff's use of its mark and domain in connection with its website development and online marketing services targeting small, professional services companies.

2.	A permanent injunction enjoining and restraining Defendant, its agents, attorneys, and all persons in active concert or participation with Defendant, from initiating litigation against Plaintiff or any of their representatives based on Plaintiff's use of its mark and domain in connection with its website development and online marketing services targeting small, professional services companies.

3.	An Order that Defendant be required to pay to Plaintiff the costs of this action and their reasonable attorneys' fees;

4.	Such other and further relief as this Court may deem just and proper.

/ / / / /

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

DATED:   October 18, 2013.

SLINDE NELSON STANFORD


By: /s/   Phil Nelson
Phil Nelson, OSB No. 013650
phil@slindenelson.com
*Of Attorneys for Plaintiff*

Page 7 - COMPLAINT